Rachael D. Lamkin
LAMKIN IP DEFENSE
One Harbor Drive, Suite 300
Sausalito, CA 95965
RDL@LamkinIPDefense.com
916.747.6091
*Counsel for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Digital Verification Systems, LLC | Case Number: 3:21-cv-08529 |
| Plaintiff | **ANSWER AND COUNTERCLAIMS** |
| vs. |  |
| Foxit Software, Inc. |  |
| Defendant |  |

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

By and through its undersigned counsel, Defendant Foxit Software, Inc. ("Foxit") does hereby respond to Plaintiff Digital Verification Systems, Inc's ("DVS's") Complaint, Dkt. No. 1.

## PARTIES AND JURISDICTION

1. Admit that this suit is a patent action under Title 35. Deny that DVS, a non-practicing entity, is entitled to any relief, including injunction.

2. Admitted.

3. Admit that DVS is a Texas LLC. From the Texas Secretary of State website, said address is neither the address of DVS' registered agent, nor of its sole Director, Manager named inventor Leigh Rothschild and thus on that basis, denied.

4. Admitted.

5. Admit that jurisdiction is proper, as to the remainder of allegations, denied.

6. Denied.

## VENUE

7. Admitted.

## COUNT 1:

## (INFRINGEMENT OF U.S. PATENT NO. 9,054,860)

8. No response required under Rule 8.

9. Admitted.

10. Foxit lacks knowledge or information sufficient to form a belief about the truth of this allegation.

11. Admitted.

12. Denied.

13. Denied.

14. Admit that one of Foxit's solutions is an electronic signature product. Admit that the screenshots taken by DVS or its representatives are from Foxit's website. As to any allegations of infringement herein, denied.

15. Admit that one of Foxit's solutions is an electronic signature product. Admit that the screenshots taken by DVS or its representatives are from Foxit's website. As to any allegations of infringement herein, denied.

16. Admit that one of Foxit's solutions is an electronic signature product. Admit that the screenshots taken by DVS or its representatives are from Foxit's website. As to any allegations of infringement herein, denied.

17. Admit that one of Foxit's solutions is an electronic signature product. Admit that the screenshots taken by DVS or its representatives are from Foxit's website. As to any allegations of infringement herein, denied.

18. Admit that one of Foxit's solutions is an electronic signature product. Admit that the screenshots taken by DVS or its representatives are from Foxit's website. As to any allegations of infringement herein, denied.

19. Admit that one of Foxit's solutions is an electronic signature product. Admit that the screenshots taken by DVS or its representatives are from Foxit's website. As to any allegations of infringement herein, denied.

20. Admit that Foxit will continue to offer its product, which does not infringe DVS' patent. As to the remainder of the allegations in this paragraph, denied.

21. Denied.

22. Foxit lacks knowledge or information sufficient to form a belief about the truth of this allegation.

23. No response required under Rule 8.

## DEFENDANT'S COUNTERCLAIMS

### THE PARTIES

1. Defendant Foxit is located in Silicon Valley. Its mission is to develop market leading and innovative PDF products and services, helping knowledge workers to increase their productivity.

2. Named inventor Leigh Rothschild is the sole Director of Plaintiff Digital Verification Systems, LLC ("DVS").

3. Named-inventor Leigh Rothschild is the sole Manager of DVS.

4. Named-inventor Leigh Rothschild is the sole owner of DVS.

### JURISDICTION AND VENUE

5. Jurisdiction over these counterclaims is proper as they are compulsory counterclaims under Rule 13.

6. Jurisdiction over DVS is proper because DVS filed this action in this District.

7. Venue is proper as the acts complained of allegedly occurred in this District.

### FACTS COMMON TO ALL COUNTERCLAIMS

8. In its Complaint, DVS alleges that Foxit infringes at least Claim 1 of the asserted '860 Patent.

9. Counsel for DVS, Mr. Lobbin, is a patent attorney registered to practice before the USPTO.

10. Mr. Lobbin's registration number is Reg. No. 41,159.

11. Mr. Lobbin has been counsel of record in at least 200 patent litigations.

12. Upon information and belief, counsel for DVS, Mr. Lobbin, read the prosecution history for the asserted '860 Patent (the "'860 PxHx") prior to filing the Complaint in this instant-action.

13. During the '860 PxHx, on or about February 1, 2011, Examiner Louie rejected Claim Nos. 1-44 pursuant to 35 U.S.C. ¶101 ("Section 101").

14. During the '860 PxHx, on or about February 1, 2011, Examiner Louie rejected at least Claim 1 pursuant to 35 U.S.C. ¶103 ("Section 103").

15. During the '860 PxHx, on or about February 1, 2011, Examiner Louie rejected at least Claim 16 pursuant to 35 U.S.C. ¶112 ("Section 112").

16. Examiner Louie's Section 112 rejection was based in his opinion that the "cooperatively structured" language in Claim 16 was indefinite.

17. The "cooperatively structured" language in Claim 16 also appears in issued Claim 1.

18. During the '860 PxHx, on or about April 5, 2011, applicant Rothschild by and through his counsel ("applicants") amended at least claim 1 to add the following language, "said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file".

19. During the '860 PxHx, on or about April 5, 2011, applicants stated, "A software module/component, per se, is incapable of creating a digital identification module."

20. During the '860 PxHx, on or about April 5, 2011, applicants stated, "In fact, a software, per se, is incapable of performing any function. Only when software is coupled to hardware is software capable of performing a particular function."

21. During the '860 PxHx, on or about April 5, 2011, applicants stated, "Therefore, properly construed, the claimed 'module generating assembly' must include hardware, and thus, independent claims 1 and 24 are directed to statutory subject matter within the meaning of 35 U.S.C. § 101."

22. During the '860 PxHx, on or about April 5, 2011, applicants stated, "The claimed limitations refer to 'a <u>single</u> electronic file' (emphasis added)." (emphasis added by applicants.)

23. Applicants made the statement quoted in paragraph 22 to overcome the prior art cited by the Examiner.

24. During the '860 PxHx, on or about June 15, 2011, the Examiner again rejected at least Claim 1 citing Section 101.

25. During the '860 PxHx, on or about June 15, 2011, the Examiner again rejected at least Claim 1 citing Section 103.

26. During the '860 PxHx, on or about June 15, 2011, the Examiner again rejected at least Claim 16 citing Section 112.

27. During the '860 PxHx, on or about October 27, 2011, applicants filed an Appeal Brief before the Board of Patent Trials and Interferences.

28. Regarding Section 112, in their Appeal Brief, applicants stated, "As stated in *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1366, 71 USPQ2d 1081, 1089 (Fed. Cir. 2004), '[o]nly when a claim remains insolubly ambiguous without a discernible meaning after all reasonable attempts at construction must a court declare it indefinite.'"

29. The insolubly ambiguous standard was overturned in *Nautilus, Inc. v. Biosig Instruments, Inc.,* 572 U.S. 898, 134 S. Ct. 2120 (2014).

30. Regarding Section 101, in their Appeal Brief, applicants stated, "A software module/component, per se, is <u>incapable</u> of creating a digital identification module. In fact, a software, per se, is incapable of performing any function. Only when software is coupled to hardware is software capable of performing a particular function. Therefore, properly construed, the claimed 'module generating assembly' must include hardware, and thus, independent claims 1 and 24 are directed to statutory subject matter within the meaning of 35 U.S.C. § 101."

31. Patent claims covering software and hardware can be patent ineligible.

32. [Am. Axle & Mfg. v. Neapco Holdings LLC, 967 F.3d 1285 (Fed. Cir. 2019)](#) issued before DVS filed the instant complaint.

33. Regarding Section 103, in their Appeal Brief, applicants again stated, applicants stated, "The claimed limitations refer to 'a <u>single</u> electronic file' (emphasis added)." (emphasis added by applicants.)

[remainder of page intentionally left blank]

34. During the '860 PxHx, on or about November 28, 2014, the Board made the following finding:

> **Rejection of Claims 1–16, 18–25, and 27 under 35 U.S.C. § 101**
>     The Examiner finds claims 1–16, 18–25, and 27 are non-statutory because they are drawn to software modules and do not recite hardware. Ans. 7 and 40. Appellant contends the claims must include hardware because in order to create a digital identification module, the software that performs the function must be coupled to hardware. App. Br. 8–9; Reply Br. 4. We agree with Appellant.
>     The Specification describes the limitation "digital identification module" as "one or more objects, codes and/or other devices" (Spec. 7:14–15). Here, the Specification recites hardware, software, or a combination of both. *Id.* Claims 1–16, 18–25, and 27 are limited to hardware or the combination of hardware and software because the claim is a system claim that must have corresponding structure to perform the functional limitation of the software.
>
>     Accordingly, for the reasons stated *supra*, we do not sustain the Examiner's rejection of claims 1–16, 18–25, and 27 under 35 U.S.C. § 101.

35. The mere fact alone that a claim contains hardware is not sufficient to render it patent eligible.

36. During the '860 PxHx, on or about November 28, 2014, the Board did not follow the test set forth in Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 573 U.S. 208, 134 S. Ct. 2347 (2014)

37. During the '860 PxHx, on or about November 28, 2014, regarding Section 103, the Board reversed the Examiner because the cited prior art did not contain the claim language, "'within only a single electronic file'". (emphasis by the Board.)

38. During the '860 PxHx, on or about November 28, 2014, regarding Section 112, the Board reversed the Examiner, finding:

> The Examiner finds claims 16 and 18 are indefinite because the Examiner is unsure of what the broadest reasonable interpretation entails. Ans. 5–6. In particular, the Examiner concludes the recitation "digital identification module cooperatively structured to correspond to a pre-selected electronic file" can be interpreted as "a file signed by a digital certificate." *Id.* Therefore, this recitation renders the claim indefinite. *Id.*

39. Being able to construe a claim is no longer the test after Nautilus, Inc. v. Biosig Instruments, Inc., 572 U.S. 898, 134 S. Ct. 2120 (2014).

40. During the '860 PxHx, on or about February 13, 2015, the Examiner stated, "applicant's reply and the Patent Trial and Appeal Board decision make evident the reasons for allowance[.]"

**COUNTERCLAIM 1: NON-INFRINGEMENT**

41. Paragraph Nos. 1-40 are incorporated by reference as if fully set forth herein.

42. As part of its pre-suit diligence and in drafting the Complaint, DVS or its representatives reviewed the Defendant's website at https://www.foxit.com

43. As part of its pre-suit diligence and in drafting the Complaint, DVS or its representatives reviewed the Defendant's website Foxit.com, and its blog at https://www.foxit.com/blog/

44. As part of its pre-suit diligence and in drafting the Complaint, DVS or its representatives reviewed the Defendant's website https://wwww.foxitsoftware.com.

45. As part of its pre-suit diligence and in drafting the Complaint, DVS or its representatives reviewed the Defendant's website https://kb.foxitsoftware.com

46. As part of its pre-suit diligence and in drafting the Complaint, DVS or its representatives reviewed some of Defendant's YouTube videos at https://www.youtube.com/channel/UCgh3Bs-EnS4Lwv4Cb96lG_Q

47. Claim 1 issued over the Section 103 prior art in the '860 PxHx because the applicant emphasized the "within <u>only</u> a single electronic file" claim limitation.

48. The materials actually reviewed by DVS or its representatives makes clear that the accused product does not have a "digital identification module" that is limited "to be embedded within only a single electronic file".

49. Indeed, the accused product is designed to be used multiple times across multiple documents.  https://kb.foxitsoftware.com/hc/en-us/articles/4404970369812-How-to-use-Fill-Sign

50. Indeed, DVS sued eSign Genie in 2017.

51. When eSign Genie demonstrated non-infringement, DVS dismissed eSign Genie.

52. Foxit's website makes clear that Foxit uses eSign Genie's eSign product: https://www.foxit.com/blog/foxit-acquires-esignature-software-leader-esign-genie/

53. DVS and its representatives understand that Foxit's product does not infringe the '806 Patent.

54. Foxit seeks all remedies available under Sections 35 U.S.C. §285 and 29 U.S.C. §1927 and any other sanctions deemed appropriate by the Court for the assertion of the '860 Patent against Foxit.

**COUNTERCLAIM 2: SECTION 101 PATENT INELIGIBILITY**

55. Paragraph Nos. 1-54 are incorporated by reference as if fully set forth herein.

56. The claims of the '860 Patent are not patent eligible.

57. The following cases were provided to DVS in 2017:

   a. *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1373 (Fed. Cir. 2011);

   b. *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 13-cv-3777 (AKH), 2015 U.S. Dist. LEXIS 56092, at *8 (S.D.N.Y. Apr. 28, 2015);

  c. *EasyWeb Innovations, LLC v. Twitter, Inc.,* No. 11-CV-4550 (JFB)(SIL), 2016 U.S. Dist. LEXIS 42549, at *90 (E.D.N.Y. Mar. 30, 2016); and

  d. *Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, No. CV 14-03009 JVS(PJWx), 2015 U.S. Dist. LEXIS 145121 (C.D. Cal. Oct. 16, 2015).

58. For at least the reasons stated in those cases, and in *Alice*, *supra*, the claims of the '860 Patent are not patent eligible.

59. Specifically, claims reciting authentication for security purposes are directed to an abstract idea.

60. There is nothing sufficiently innovative in Claim 1 that saves it from its abstract nature.

61. Foxit seeks all remedies available under Sections 35 U.S.C. §285 and 29 U.S.C. §1927 and any other sanctions deemed appropriate by the Court for the assertion of the '860 Patent against Foxit.

**COUNTERCLAIM 3: SECTION 112 INDEFINITENESS**

62. Paragraph Nos. 1-61 are incorporated by reference as if fully set forth herein.

63. The asserted claims of the '860 Patent are indefinite as the boundary of the "cooperatively structured" limitation is not sufficiently clear.

64. Foxit seeks all remedies available under Sections 35 U.S.C. §285 and 29 U.S.C. §1927 and any other sanctions deemed appropriate by the Court for the assertion of the '860 Patent against Foxit.

**RELIEF SOUGHT**

Foxit seeks the following remedies:

- An order finding that Foxit's Sign product does not infringe any asserted claims;
- An order finding the claims of the '860 Patent ineligible for patenting;

- An order finding the claims of the '860 Patent invalid as indefinite;
- An order awarding fees and costs under Sections 285 and 1927.

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin
Lamkin IP Defense
916.747.6091
RDL@LamkinIPDefense.com

*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2021, a true and accurate copy of the above and foregoing:

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

Was served upon all counsel of record via electronic mail.

*Rachael D. Lamkin*
Rachael D. Lamkin