STEPHEN M. LOBBIN
sml@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

*Attorney(s) for Digital Verification Systems, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC, § § § § Plaintiff, § § vs. § § FOXIT SOFTWARE INCORPORATED, § § § Defendant. § § _____ § | Case No: 4:21-cv-08529-YGR  **MOTION TO STRIKE IMMATERIAL AND SCANDALOUS MATERIALS FROM COUNTERCLAIMS**  Date: January 25, 2022 Time:  2:00 p.m.  Hon. Yvonne Gonzalez Rogers |

## Notice of Motion

PLEASE TAKE NOTICE that on January 25, 2022, at 2:00 p.m. before the Honorable Yvonne Gonzalez Rogers, Plaintiff Digital Verification Systems, LLC ("DVS") respectfully will move pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 12(f) to strike Paragraph Nos. 2-4 and 9-12 of the counterclaims of Defendant Foxit Software Incorporated ("Foxit").  This Motion is based upon this Notice and the Memorandum herein, and the pleadings and other papers on file in this action and such further evidence or argument as may be presented at or before the hearing of this Motion.

DVS seeks an Order from this Court striking matters included in the Counterclaims which are immaterial to this litigation, including concerning the individual principal of Plaintiff, an LLC, and its local counsel in California.

### **Memorandum**

### **I.     Introduction.**

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any insufficient defense and "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 98 F.2d 1524, 1527 (9th Cir. 1993). Accordingly, a court must construe the pleading in light most favorable to the pleading party, and it must deny the motion to strike if the pled allegations might be relevant to the action. *Daily v. Fed. Ins. Co.*, No. C 04-3791 PJH, 2005 U.S. Dist. LEXIS 46001, 2005 WL 14734, at *5 (N.D. Cal. Jan. 3, 2005).

### **II.    Defendant's Counterclaims Nos. 2-4, 9-12 Should be Stricken Because They are Immaterial to this Action.**

Although a court must deny the motion to strike if the pled allegations might be relevant to the action, here, the court should allow the motion to strike paragraph nos. 2-4, and 9-12 because these allegations are immaterial and/or scandalous.

Defendant's counterclaims include the following:

- [Paragraph No. 2]: Named-inventor Leigh Rothschild is the sole Director of Plaintiff Digital Verification Systems, LLC ("DVS");
- [Paragraph No. 3]: Named-inventor Leigh Rothschild is the sole Manager of DVS;
- [Paragraph No. 4]: Named-inventor Leigh Rothschild is the sole owner of DVS.

Paragraphs 2-4 should be stricken because the role of named-inventor, Leigh Rothschild, is immaterial to this patent infringement action or to Defendant's patent invalidity counterclaims. Fed. R. Civ. P. 12(f). The Plaintiff, Digital Verification Systems, LLC, is a Texas limited liability company, and Defendant has not countersued or provided any basis to countersue inventor, Leigh Rothschild, personally.

Defendant's counterclaims further include the following:

- [Paragraph No. 9]: Counsel for DVS, Mr. Lobbin, is a patent attorney registered to practice before the USPTO;
- [Paragraph No. 10]: Mr. Lobbin's registration number is Reg. No. 41,159;
- [Paragraph No. 11]: Mr. Lobbin has been counsel of record in at least 200 patent litigations;
- [Paragraph No. 12]: Upon information and belief, counsel for DVS, Mr. Lobbin, read the prosecution history for the asserted '860 Patent prior to filing the complaint in this instant-action.

Paragraphs 9 and 10 should be stricken because the U.S. PTO registration status and credentials of counsel for Plaintiff are immaterial to this patent infringement action or to Defendant's invalidity counterclaims. Fed. R. Civ. P. 12(f). Paragraph 12 should be stricken because Defendant provides no basis for this belief. Finally, paragraph 11 should be stricken on the basis that this allegation is spurious and serves no purpose relevant to this patent infringement action or to Defendant's invalidity counterclaims. Fed. R. Civ. P. 12(f).

### III. Conclusion.

For the reasons set forth above, DVS respectfully requests that the Court strike paragraph nos. 2-4 and 9-12 of Foxit's Counterclaims.

Dated: December 15, 2021          Respectfully submitted,

/s/ Stephen M. Lobbin
Stephen M. Lobbin
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

***Attorney(s) for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

/s/ Stephen M. Lobbin
Stephen M. Lobbin